1  **cc: Order, Letter of transmittal and**

2      **docket sent to LASC,**         JS - 6

3      **Case No. BC552695**

4

5

6

7

8

9

10  **UNITED STATES DISTRICT COURT**

11        **CENTRAL DISTRICT OF CALIFORNIA**

12

13  WHITNEY RINDELS,          )   CV 14-6536 RSWL (CWx)
                          )

14             Plaintiff,    )

15                           )   **ORDER RE: MOTION TO**
                         )   **REMAND CASE TO LOS**

16        v.               )   **ANGELES SUPERIOR COURT**
                         )   [15]

17  TYCO INTEGRATED SECURITY,  )
LLC, a Delaware limited    )
liability company, STEPHEN  )

18  LITTON II, an individual,  )
and DOES 1 through 100,    )

19  INCLUSIVE                 )
                         )

20            Defendants.   )

21

22       Currently before the Court is Plaintiff Whitney

23  Rindel's Motion to Remand Case to Los Angeles Superior

24  Court [15]. For reasons explained below, Plaintiff's

25  Motion is **GRANTED** and this case shall be remanded to

26  Superior Court. Plaintiff's request for attorney's

27  fees, and Defendant's request for Rule 11 sanctions,

28  are **DENIED.**

## I.  BACKGROUND

Plaintiff formerly worked for Defendant Tyco
Integrated Security LLC ("TIS") at its Chatsworth and
Torrance offices, selling security services to
businesses in Beverly Hills.  Compl. ¶ 10.  Plaintiff
alleges that she was fired from TIS after rebuking the
sexual advances of her supervisor, Defendant Litton
("Litton").  On July 24, 2014, Plaintiff filed her
Complaint against Defendants in Superior Court,
alleging the following claims: (1) Quid Pro Quo Sexual
Harassment; (2) Gender-based Discrimination (Disparate
Treatment); (3) Retaliation; (4) Failure to Prevent
Discrimination, Harassment, & Retaliation; (5)
Intentional Infliction of Emotional Distress; and (6)
Wrongful Termination in Violation of Public Policy.
Mot. 1:10-15; Opp'n 2:8-13.  Plaintiff seeks
compensatory damages, "including, but not limited to,
lost earnings, future earning capacity and other
employment benefits" as well as emotional distress
damages for "severe emotional distress and physical
manifestations of that emotional distress" including
depression, anxiety, loss of sleep, shame, loss of
appetite, humiliation, and pain and suffering.  Compl.
¶¶ 26, 33, 43, 50, 57, 62; Opp'n 2:14-21.

On August 19, 2014, Defendants filed a Notice of
Removal, stating that this Court has federal diversity
jurisdiction over this case because there is complete
diversity and the alleged amount in controversy exceeds

$75,000.  Not. of Removal ¶¶ 10-28.  Defendants assert
that the amount in controversy exceeds $75,000 because
it is "more likely than not" that if Plaintiff succeeds
on her claims, her damages will amount to "more than
$75,000 for back wages and related employment benefits,
punitive damages, attorneys' fees and damages for
mental and emotional distress."  Id. ¶ 28.
Defendants assert that complete diversity exists
between the parties under the Hertz test because TIS is
a citizen of the State of Florida, incorporated in the
State of Delaware, and TIS' "nerve center" is located
in Boca Raton, Florida.  Id. ¶¶ 13-16.

Currently before the Court is Plaintiff's Motion to
Remand this case back to State Court.  Plaintiff claims
removal was improper because Defendants failed to show
that the requisite amount in controversy exceeds
$75,000 and that full diversity exists.  Plaintiff
further seeks attorneys' fees as a result of
Defendants' removal.  Defendants seek sanctions against
Plaintiff because she cites to an incorrect test for
diversity of citizenship (the no-longer used "total
activities" test instead of the correct "nerve center"
test).

## II.   DISCUSSION

**Remand**

Pursuant to 28 U.S.C. § 1441, "any civil action
brought in a State court of which the district courts
of the United States have original jurisdiction, may be

1   removed by the defendant or the defendants." Original

2   jurisdiction is based on diversity or federal question

3   according to 28 U.S.C. §§ 1331 and 1332. All district

4   courts have diversity jurisdiction over all civil

5   actions between citizens of different states where the

6   amount in controversy exceeds $75,000. 28 U.S.C. §

7   1332.

8       A case may be remanded to state court for lack of

9   subject matter jurisdiction or due to defects in

10  removal procedure. 28 U.S.C. § 1447(c). The removing

11  party bears the burden of establishing federal

12  jurisdiction. Ethridge v. Harbor House Rest., 861 F.2d

13  1389, 1393 (9th Cir. 1988). Generally, on a motion to

14  remand, the opposing party has the burden of proving by

15  a preponderance of evidence that diversity jurisdiction

16  exists. Gaus v. Miles Inc., 980 F.2d 564, 566 (9th

17  Cir.1992) (per curiam) (holding that opposing party

18  must prove by a preponderance of evidence that the

19  amount in controversy exceeded $50,000); Guryev v. Life

20  Investors Ins. Co. of Am., No. 00-2679, 2000 U.S.

21  Dist. LEXIS 18079, at *2 (N.D. Cal. Dec. 4, 2000).

22      Before final judgment, if it appears that the

23  district court lacks subject matter jurisdiction over a

24  case that has been removed to federal court, the case

25  must be remanded. 28 U.S.C. § 1447(c). The removal

26  statute is construed against removal jurisdiction and

27  if there is any doubt as to the right of removal in the

28  first instance, federal jurisdiction must be rejected.

1  _See Shamrock Oil § Gas Corp. V. Sheets_, 313 U.S. 100,
2  108-09 (1941) (finding that statutes of removal are to
3  be construed in favor of remand to protect state court
4  jurisdiction).

5       1.   Amount in Controversy

6       Where a complaint is unclear or ambiguous about
7  the amount in controversy, the court applies a
8  preponderance of the evidence standard that requires
9  the removing defendant to establish that it is more
10 likely than not that the amount in controversy
11 requirement is settled.  _Guglielmino v. McKee Foods_
12 _Corp._, 506 F.3d 696, 699 (9th Cir. 2007) (quoting
13 _Sanchez v. Monumental Life Ins. Co._, 102 F.3d 398, 404
14 (9th Cir. 1996).  In determining whether the
15 jurisdictional minimum is met, the Court considers all
16 recoverable damages, including compensatory damages,
17 emotional distress damages, punitive damages, statutory
18 penalties, and attorneys' fees.  _See Hunt v. Washington_
19 _State Apple Adver. Comm'n_, 432 U.S. 333, 347-48 (1977);
20 _Galt G/S v. JSS Scandinavia_, 142 F.3d 1150, 1155-56
21 (9th Cir. 1998); _Anthony v. Sec. Pac. Fin. Servs.,_
22 _Inc._, 75 F.3d 311, 315 (7th Cir. 1996).

23 A district court may accept certain post-removal
24 admissions in its discretion as determinative of the
25 amount in controversy.  _Davis v. Chase Bank U.S.A.,_
26 _N.A._, 453 F. Supp. 2d 1205, 1208 (C.D. Cal.
27 2006)(quoting _Sanchez_, 102 F.3d at 404).  Even
28 assuming, _arguendo_, that the Court may consider all the

evidence Defendants have presented in support of their
Removal and Opposition, the evidence of economic
damages includes only the Declaration of Jennifer
Underwood, which states that Plaintiff earned, from
February 25, 2011 to April 12, 2013, a total of
$64,488.03, at an average weekly rate of $580.97 and
average annual gross earnings of $30,210.61.  Decl. of
Jennifer Underwood ¶ 3.   Thus, Defendants allege that
Plaintiff's economic damages are at least $45,318.92 as
of the removal date, based on their estimations of her
previous salary applied to a period of at least
eighteen months of unemployment.  Opp'n 11:5-7.
Plaintiff alleges that she is presently employed and
had been employed for over a year at the time of filing
her Reply.  Reply 2:19-20.  Plaintiff was fired on or
about April 5, 2013.  Compl. ¶ 16; Mot. 2:26-27;3:1;
Opp'n 2:8.  She filed her Reply on October 8, 2014.
Accordingly, Plaintiff seems to have been unemployed
for approximately six months, not the eighteen months
Defendants allege.  Further, Defendants offer no
information as to whether or not Plaintiff may have
received unemployment insurance payments that would
mitigate her damages–information they, as her
employers, should possess.  Accordingly, the Court
finds Defendants' arguments regarding a starting point
of over $45,000 of economic damages suspect.

      With respect to attorneys fees, Defendants argue,
for example, that "the attorney who drafted the instant

1  motion to remand . . . is not even lead counsel in this
2  matter as one other attorney appears in the caption
3  above her name." Opp'n 9:9-11. Defendants note that
4  Plaintiff's attorney averred in her Declaration that
5  the value of her time devoted to this Motion will
6  exceed $2400. Id. at 9:11-13. That the attorney who
7  has represented Plaintiff in this matter may be
8  supervised or occasionally collaborate with another,
9  more senior attorney, also does not establish that
10 attorneys fees are, more likely than not, substantial
11 enough to meet the amount-in-controversy requirement.
12 Certainly, they may; as Defendants argued,

13         "[e]ven using the conservative rate of
14         $300 per hour, it would take only 250
15         hours of attorney time to exceed the
16         $75,000 jurisdictional mark. This would
17         easily be met by the two-person team
18         spending one week on trial preparation
19         and a second week on appearing for trial
20         in this matter . . . . This estimate
21         ignores the time incurred in pre-filing
22         investigation, preparation and filing of
23         the complaint, engaging in discovery,
24         and opposing a motion for summary
25         judgment. The realities of law practice
26         and common sense confirm that projected
27         attorneys' fees in excess of $75,000 is
28         more likely than not . . . .

7

Opp'n 9:14-22.  However, another court in this district recently rejected explicitly this exact argument and hypothetical scenario, concluding instead that while the Ninth Circuit has yet to clarify whether the amount-in-controversy includes attorneys' fees likely to accrue, "the better view is that attorneys' fees incurred after the date of removal are not properly included because the amount in controversy is to be determined as of the date of removal." Davis v. Staples, Inc., No. CV 13-8937 FMO PLAX, 2014 WL 29117, at *3 (C.D. Cal. Jan. 3, 2014) (quoting Dukes v. Twin City Fire Ins. Co., 2010 WL 94109, *2 (D. Ariz. 2010); see also  Palomino v. Safeway Ins. Co., 2011 WL 3439130, *2 (D. Ariz. 2011) ("This court agrees with the Seventh Circuit and concludes that the better view is that attorneys' fees incurred after the date of removal are not properly included in calculating the jurisdictional amount.") The evidence submitted indicates that Plaintiff has accrued attorneys fees in excess of $2400 for her attorney's work on this Motion; presumably, she has accrued additional fees for time spent drafting the Complaint, though Defendants do not make this contention.  Regardless, Defendants have not established that it is more likely than not that Plaintiff's attorney fees thus far accrued are so substantial as to significantly advance the amount in controversy toward the diversity jurisdiction threshold.

Finally, Defendants cite to a host of litigation decisions, including employment decisions, that resulted in high damage amounts and high attorney fees. Opp'n 11:24-13:26.  Defendants do not, however, do sufficient work to draw parallels between the instant case and those decisions, nor is there any specific allegation of these damages.  See Bennett v. Alaska Airlines, Inc., No. CV 14-2804 FMO RZX, 2014 WL 1715811, at *2 (C.D. Cal. Apr. 30, 2014) (finding that non-economic damages, including punitive and emotional damages, while recoverable by statute, could not be considered in the amount in controversy requirement because they were too speculative).

Further, as Plaintiff correctly notes, Mot. 6:5-13, all cited cases went through trial and resulted in noteworthy verdicts.  If Defendants' argument is that large judgments are possible, they are correct. Defendants' burden of proof, however, requires that they establish that it is more likely than not that damages will satisfy the amount-in-controversy.  In citing to other employment cases, Defendants make arguments such as "the 'realities of modern law practice' indicate the reality of the huge potential exposure," Opp'n 8:23-24 (quoting Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1340 (10th Cir. 1998), and "[a]ttorney's fees are a reality in employment litigation cases," Opp'n 8:26.  These generalities simply do not provide the Court with sufficient

evidence, paired with analysis of analogous case law, to find it more likely than not that in *this instance*, attorneys fees will be so substantial as to carry the amount in controversy over the threshold. <u>See</u> e.g., <u>Mireles v. Wells Fargo Bank, N.A.</u>, 845 F. Supp. 2d 1034, 1055 (C.D. Cal. 2012) (remanding where defendants "proffer[ed] no evidence that the lawsuits and settlements alleged in the complaint are factually or legally similar to plaintiffs' claims.")

Finally, the fact that Plaintiff refuses to stipulate to damages below the threshold is not a compelling reasons to establish jurisdiction. Defendants argue that the Declaration of defense counsel Linda Claxton, which states that Plaintiff's counsel "did not agree to stipulate that the amount in controversy did not exceed $75,000," Decl. Linda Claxton ¶ 2, raises an inference that Plaintiff seeks at least the jurisdictional amount. Opp'n 5-18. Evidence of failure to stipulate to the amount in controversy requirement is at best a factor in determining the amount, and at worst irrelevant to the determination. <u>Compare</u> <u>Schudy v. Gordon</u>, No. 06-00136-CV-W-DW, 2006 WL 859279, at *1 (W.D. Mo. Mar.28, 2006) (in determining amount in controversy, court found plaintiff's refusal to stipulate "reinforce[d] the Court's amount in-controversy decision") <u>and</u> <u>Pendergrass v. Time Ins. Co.</u>, No. 5:09-cv-00215-R, 2010 WL 989154, at *2 (W.D.Ky. Mar.12,

10

2010) (noting plaintiff's refusal to stipulate that
amount in controversy does not exceed jurisdictional
minimum) with Conrad Assocs. v. Hartford Accident &
Indem. Co., 994 F.Supp. 1196, 1199 (N.D. Cal. 1998),
Bassel v. 4Access Communs. Co., No. 07cv2346-L(JMA),
2008 WL 2157005, at * 3 (S.D. Cal. 2008) ("attempting
to force the plaintiff to enter a stipulation regarding
the potential amount of damages would serve no effect
in determining the actual amount in controversy") and
Valle v. State Farm Mutual Auto. Ins., No. C 97-1659
FMS, 1997 WL 564047, at *2 (N.D. Cal. 1997) ("Nor does
the Court consider plaintiff's refusal to stipulate to
lesser damages persuasive in evaluating the worth of
her claims."). Accordingly, the Court does not find
that Plaintiff's refusal to stipulate to an amount in
controversy less than the diversity jurisdictional
threshold is a persuasive factor in establishing
jurisdiction. See Schiller v. David's Bridal, Inc.,
No. 1:10-CV-00616 AWI, 2010 WL 2793650, at *5 (E.D.
Cal. July 14, 2010).

In sum, given that any doubt regarding the
existence of subject matter jurisdiction must be
resolved in favor of remanding the action to state
court, see Gaus, 980 F.2d at 566, the Court is not
persuaded that Defendants have met their burden of
proving by a preponderance of the evidence that the
amount in controversy meets the $75,000 threshold. See
Matheson, 319 F.3d at 1090 ("Where it is not facially

evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court."); <u>Valdez</u>, 372 F.3d at 1117.  Accordingly, Plaintiff's Motion to Remand this Action is **GRANTED** on those grounds.  It is therefore unnecessary for the Court to evaluate the question of complete diversity.

## 2.  <u>Attorneys' Fees</u>

Section 1447(c) states that an order remanding the case may require payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The award of attorney's fees is not a punitive award against defendants; it is simply reimbursement to plaintiffs of wholly unnecessary litigation costs the defendant inflicted.  While no showing of bad faith by defendants is required to impose costs and fees, absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal.  <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005).  Defendants appear to have had an objectively reasonable basis for removal.  Accordingly, the Court **DENIES** Plaintiff's request for attorneys' fees.

///

1                    3.   <u>Rule 11 Sanctions</u>

2         The test imposed by Rule 11 is an objective one.

3  <u>Zaldivar v. City of Los Angeles</u>, 780 F.2d 823, 831 (9th

4  Cir. 1986).   The certification requirements of Rule 11

5  are violated "if the paper filed . . . is frivolous,

6  legally unreasonable, or without factual foundation,

7  even though . . . not filed in subjective bad faith."

8  <u>Id.</u>   Rule 11 "must be read in light of concerns that it

9  will . . . chill vigorous advocacy."   <u>Cooter & Gell v.</u>

10 <u>Hartmarx Corp.</u>, 496 U.S. 384, 393 (1990).   The decision

11 to impose a sanction is within the discretion of the

12 court.   Fed. R. Civ. P. 11(c).   Defendants ask this

13 Court to sanction Plaintiff's counsel because they

14 failed to cite to the appropriate test to determine

15 diversity jurisdiction.   Without a doubt, this was an

16 egregious fault on counsel's part.   No doubt such a

17 fault shook the confidence of counsel's client and the

18 court's confidence in this attorney's skills.   However,

19 it appears that, no matter how grave the mistake,

20 Plaintiff's counsel simply made a mistake.

21 Accordingly, the Court **DENIES** Defendants' request for

22 sanctions.

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

### III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand Case to Superior Court. The Court **DENIES** Plaintiff's request for attorneys' fees.   The Court **DENIES** Defendants' request for Rule 11 sanctions.

**IT IS SO ORDERED.**

DATED: February 4, 2015

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge

14